FILED
2018 NOV 13 PM 3:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2018 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 18-0788-JAK |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1344(2): Bank Fraud] |
| TOMMY NOU, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1344(2)]

A.  INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.  The Transportation Communications Union/International Association of Machinists (the "TCU/IAM Union") was a labor union registered with the Department of Labor.

2.  The TCU/IAM Union was organized into local branches known as "Lodges."

3.  From on or about May 1, 2014, to on or about May 31, 2015, Lodge 6602 was a local branch of the TCU/IAM Union.

4.      From on or about December 2014, to on or about May 31, 2015, defendant TOMMY NOU ("NOU") was the financial secretary of Lodge 6602.

5.      As financial secretary, defendant NOU was responsible for ensuring Lodge 6602's funds were collected and disbursed to pay for Lodge 6602's authorized expenses.

6.      From on or about September 18, 2014, to on or about May 26, 2016, U.S. Bank National Association ("U.S. Bank") maintained a business checking account for Lodge 6602 ending in 7349 registered to "Transportation Communications Union I A M Lodge #6602" (the "Lodge 6602 Account").

7.      U.S. Bank was a financial institution, with a branch office located in Los Angeles, California, within the Central District of California, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

8.      As financial secretary, defendant NOU obtained access to the Lodge 6602 Account and obtained a debit card ending in 8812 (the "Lodge 6602 Debit Card") which could be used to charge expenses to the Lodge 6602 Account and to withdraw money from the Lodge 6602 Account.

9.      On or about May 31, 2015, all officers of Lodge 6602, including defendant NOU, were terminated as officers of Lodge 6602. After on or about May 31, 2015, defendant NOU was no longer authorized to use the Lodge 6602 Account.

10.     On or about June 1, 2015, Lodge 6602 was merged with Lodge 6011 of the TCU/IAM Union.

B.   THE SCHEME TO DEFRAUD

11.   Beginning on or about July 11, 2015, and continuing until on or about October 5, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant NOU, knowingly and with the intent to defraud, devised, executed and attempted to execute a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of U.S. Bank by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

12.   The scheme to defraud operated, in substance, in the following manner:

   a.   Defendant NOU would use the Lodge 6602 Debit Card to withdraw money from the Lodge 6602 Account and to charge the Lodge 6602 Account for defendant NOU's personal use.  In so doing, defendant NOU falsely represented that he was authorized to use the Lodge 6602 Account for personal expenses.

   b.   Defendant NOU failed to notify U.S. Bank that he was no longer entitled to charge expenses to the Lodge 6602 Account or withdraw money from the Lodge 6602 Account.  In charging and withdrawing money from the Lodge 6602 Account after defendant NOU was terminated as financial secretary of Lodge 6602, defendant NOU falsely represented to U.S. Bank that he was still entitled to spend and disburse funds from the Lodge 6602 Account and concealed from U.S. Bank that he was not authorized to use the Lodge 6602 Account.

   c.   Through his scheme, defendant NOU fraudulently spent and obtained a total of approximately $6,846.23 of goods, services, and money from the Lodge 6602 Account to which he knew he was not entitled.

C. <u>EXECUTION OF THE SCHEME</u>

13. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant NOU committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | EXECUTION |
|---|---|---|
| ONE | 8/20/2015 | Withdrew $500 from the Lodge 6602 Account at a Vons Automatic Teller Machine in Long Beach, California. |
| TWO | 8/21/2015 | Withdrew $500 from the Lodge 6602 Account at a Vons Automatic Teller Machine in Long Beach, California. |
| THREE | 8/26/2015 | Used the Lodge 6602 Debit Card to charge the Lodge 6602 Account for his purchase of $75.59 worth of goods from Fry's Electronics in Manhattan Beach, California. |
| FOUR | 9/9/2015 | Withdrew $500 from the Lodge 6602 Account at a Vons Automatic Teller Machine in San Pedro, California. |
| FIVE | 9/10/2015 | Withdrew $500 from the Lodge 6602 Account at a Vons Automatic Teller Machine in San Pedro, California. |

///
///
///
///
///
//
///
///
///

4

| COUNT | DATE | EXECUTION |
|---|---|---|
| SIX | 10/5/2015 | Withdrew $500 from the Lodge 6602 Account at a Vons Automatic Teller Machine in San Pedro, California. |

A TRUE BILL

/S/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes Section

SCOTT M. LARA
Assistant United States Attorney
Violent and Organized Crime Section